# CIRCUIT COURT OF THE CITY OF RICHMOND

Sundersingh Bala

v.

Department of Conservation
and Recreation

November 9, 2001

Case No. HQ-1276

BY JUDGE MELVIN R. HUGHES, JR.

This case involves a state employee's appeal of an adverse ruling of grievability. On May 25, 2001, the Virginia Department of Employment Dispute Resolution ruled that Sundersingh Bala was not entitled to an administrative hearing under the State Employee Grievance Procedure, Va. Code § 2.1-116.01 *et seq*. Thereafter, the record was furnished to the court and the matter was brought on for a hearing on October 4, 2001.

In addition to the appeal of the May 25, 2001, ruling, Bala has filed a Motion to Implement Decision of Hearing Officer. The Department then filed its Motion to Dismiss and Motion to Affirm the Department of Employment Dispute Resolution.

In January 1999, Bala, an employee of the Department of Conservation and Recreation (the Department), applied for the position of grants administrator. After the Department advised Bala that he was not selected, Bala filed a grievance, claiming discrimination and retaliation. A hearing ensued. The hearing officer ordered the Department to repeat the selection process and to redesign the selection criteria. However, the ruling was made without finding discrimination or retaliation, as Bala alleged. Thereafter, the Department appealed to the Department of Employee Dispute Resolution (EDR). On June 6, 2000, EDR ruled that the hearing officer did not have authority to order a repeat of the selection process and that such order was a

nonbinding recommendation. The EDR also ruled that the matter was not appealable under Va. Code § 2.1-116.03(5). Now Bala seeks an order from the court requiring implementation of the ruling pursuant to § 2.1-116.07(D) (now § 2.2-3005). The Department opposes. The court agrees with the Department.

In February 2000, when the hearing officer decided Bala's grievance, § 2.1-116.07:1 was in place. The section governed the circuit court's jurisdiction to implement a hearing officer's decision. The court has held that a hearing officer's recommendation is not a "decision" within the statute's meaning and, without a decision, the court is powerless to order an implementation of the recommendation. Such is the case here.

Effective October 1, 2001, § 2.1-116.07(1) became § 2.2-3006. The amendment now makes decisions that were previously non reviewable, reviewable by the circuit court. Bala contends that the change is a procedural one making the February 2000 hearing officer directive reviewable. However, Bala misperceives the change as procedural when it is in effect, a substantive change, which by definition is confined to only prospective operation. The amendment is substantive because it affords state grievants a right of review which previously did not exist. Accordingly, the court finds that it is without authority to implement the determination the hearing officer made at the time because, when made, it was not a "decision" subject to implementation under § 2.1-116.07(D), which was in effect at the time.

Turning now to Bala's appeal of the May 25, 2001, ruling, this ruling follows Bala's July 2000 grievance questioning the Department's refusal to implement the hearing officer's March 1999 ruling just discussed. As to the merits of Bala's objections, the EDR found that Bala did not produce sufficient evidence to support his claims of discrimination and retaliation. The record discloses that Bala submitted various documents consisting of his qualifications and work experience. He cited instances of the promotion and assignment of others to other positions in the Department, historically. Bala also included various correspondence to him from various supervisors and managers concerning the grievance. The EDR, through its Director, found the evidence insufficient to support either discrimination or retaliation in light of the Department's showing a legitimate nondiscriminatory business reason for its action in not selecting Bala.

The EDR decision finding of non-grievability cannot be said to be arbitrary or capricious under Va. Code § 2.1-114.5:1.

For the foregoing reasons, Bala's Motion to Implement Decision of Hearing Office is denied. The Department's Motion to Dismiss is granted, as is its Motion to Affirm the Department of Dispute Resolution.